```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| FRANK ROY,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CUMBERLAND MUTUAL FIRE<br>INSURANCE COMPANY,<br><br>　　　　　　Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil Action<br>No. 15-8171 (JBS/AMD)<br><br>OPINION |

**SIMANDLE, Chief Judge:**

　　Plaintiff Frank Roy, proceeding pro se, brings this suit against Defendant Cumberland Mutual Fire Insurance Company ("Cumberland Mutual"), alleging that Defendant discriminated against him when they failed to indemnify Plaintiff for a pair of eye glasses that Plaintiff lost during the recent Papal visit to Philadelphia. Pending before the Court is Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted [Docket Item 4]. For the reasons explained below, the Court will grant Defendant's motion. The court finds as follows:

　　1.　　Plaintiff Frank Roy, who is African American, alleges in his Complaint [Docket Item 1] that he submitted a claim with Defendant Cumberland Mutual Fire Insurance Company for the replacement cost for a "very expensive" pair of eye glasses that was lost or stolen during the most recent Papal visit in

September of 2015. (Compl. ¶ 1.) A claims adjuster for Defendant, Matt McDonald, took Plaintiff's initial report. According to Plaintiff, the authorities in Philadelphia were notified and found six pairs of expensive eye glasses, none of which belonged to Plaintiff. (Compl. ¶ 1.)

    2.   Plaintiff's chief complaint appears to be that Defendant's subsequent actions in attempting to resolve Plaintiff's insurance claim were motivated by discriminatory animus, but the remaining allegations are cursory and less than clear. Plaintiff alleges discrimination based on a question McDonald asked Plaintiff during one phone call, "How can a man of your stature afford such glasses?" (Id. ¶ 2.) Plaintiff alleges that at the time the question was posed, McDonald knew that Plaintiff was the only African American policy holder in Vineland, New Jersey. (Id. ¶ 3.) Plaintiff also complains that McDonald told Plaintiff that he could not settle Plaintiff's claim because Plaintiff had a claim history from 4 years ago, even though McDonald knew "that the underwriting was based on a no claim history in a two-year period."[1] (Id. ¶¶ 6-7.) Plaintiff further alleges discrimination based on the fact that Defendant failed to assign Plaintiff a claim number; Plaintiffs' claim was

---

[1] Plaintiff claims Defendant's adjuster Matt McDonald had knowledge that Plaintiff's underwriting was based on no claim history in a two year period rather than a four year period. The policy in question was issue number HON 102387101 (Compl. ¶ 7.)

2

initially denied; and Plaintiff was sent a bill for additional payment. (Id. ¶¶ 8-9.) Finally, Plaintiff vaguely asserts Defendant tried to use "entrapment procedures" after denying his claim and "stupidly sent a letter requesting a recorded statement needed almost 30 days later violating my civil rights." (Id. ¶ 10.) The Complaint charges Defendant with engaging in "discriminatory procedures against him violating his civil rights," and seeks damages in the amount of $325,000 plus interests and cost of suit. (Id. at 1-2.)

    3.   Defendant subsequently filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) arguing that the Complaint fails to state a claim upon which relief may be granted because it fails to specify what "civil rights" statute has been violated. [Docket Item 4.] In his opposition to Defendant's motion, styled as a "Motion to Vacate Defendant's Motion to Dismiss," [Docket Item 6], Plaintiff argues that dismissal is not warranted because his claim falls under the Americans with Disabilities Act ("ADA"). Plaintiff contends that the ADA prohibits discrimination against qualified individuals with respect to employment; public services provided by public utilities; public transportation; and public accommodations and services operated by private entities. He alleges that his claim falls within the ADA because Defendant is a private entity that provides public services. (Pl. Opp'n, at 2.)

3

4. After reviewing Plaintiff's Complaint, the Court agrees with the Defendant that Plaintiff has failed to state a cause of action for discrimination, and fails to state a claim under the ADA.

5. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that plaintiff failed to set forth sufficient facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Fleisher v. Standard Ins. Co., 679 F.3d 116, 120 (3d Cir. 2012). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). However, legal conclusions are not entitled to the same assumption of truth, and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. To determine if a complaint meets the pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (internal quotation marks omitted).

4

Because Roy is a pro se plaintiff, the Court construes his Complaint liberally. Alston v. Parker, 363 F.3d 229, 234 (3d Cir. 2004); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2003).

    6.    Plaintiff claims that his civil rights were violated by Defendant Cumberland Mutual Fire Insurance Company, and in particular, that Defendant discriminated against him in failing to adequately address his insurance claim. While Plaintiff's Complaint does not specify the grounds that entitle Plaintiff to relief, 42 U.S.C. § 1983 and the New Jersey Civil Rights Act, N.J.S.A. § 10:6-1 et seq., provide remedies for certain civil rights violations. For example, 42 U.S.C. § 1983 provides a cause of action for violations of federal constitutional rights under color of state law, while the New Jersey Civil Rights Act ("NJCRA") provides a cause of action for violations of state constitutional rights.

    7.    Plaintiff's Complaint does not state a cause of action under either statute. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate "a violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 47 (1988); see also Kneipp v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996). Defendant is not a government actor, nor are there

any facts in the Complaint to suggest that Cumberland Mutual acted "under color of state law." See Groman v. Twp. Of Manalapan, 47 F.3d 628, 638-639 (3d Cir. 1995) (describing various approaches for detecting the presence of action under color of state law). Plaintiff himself acknowledges that Cumberland Mutual Fire Insurance Company is a private entity. (Pl. Opp'n, at 2). Thus, Plaintiff's Complaint does not plausibly state a claim under 42 U.S.C. § 1983.

8. A claim under the NJCRA fails for similar reasons. The NJCRA was modeled after 42 U.S.C. § 1983 and "[c]ourts in this district have previously recognized that 'the New Jersey Civil Rights Act is interpreted analogously to 42 U.S.C. § 1983.'" Coles v. Carlini, -- F. Supp. 3d ---, 2015 WL 5771134, at *16, (D.N.J. 2015) (Simandle, J.) (quoting Martin v. Unknown U.S. Marshals, 965 F. Supp. 2d 502, 548 (D.N.J. 2013)). Like § 1983, the NJCRA "does not permits private suits against private persons absent state action." Cottrell v. Zagami, LLC, No. 08-3340, 2010 WL 2652229, at *4 (D.N.J. June 23, 2010). Having established that Plaintiff has not made out a § 1983 claim for discrimination because Defendant is a private actor, a similar claim under the NJCRA must also be dismissed. See Catlett v. N.J. State Police, No. 12-153, 2015 WL 9272877, at *4 (D.N.J. Dec. 18, 2015) (Simandle, J.); Major Tours, Inc. v. Colorel, 720 F. Supp. 2d 587, 604 (D.N.J. 2010) (Simandle, J.) (applying one

6

analysis to equal protection claim brought under both § 1983 and the NJCRA because there was no reason to believe analysis would be different).

9. Nor has Plaintiff stated a plausible cause of action under the ADA. The ADA makes it unlawful to discriminate against disabled individuals in areas such as employment, housing, public accommodations, transportation, education, communication, recreation, health services, and access to public services. See 42 U.S.C. § 12101(a)(3). Further, the ADA only protects individuals who are disabled, as defined under 42 U.S.C. § 12102(1). Plaintiff's Complaint, however, contains no facts whatsoever to suggest that he qualifies as a disabled individual under the ADA, nor that any disability was a basis for discriminatory treatment. Plaintiff pleads that he is African American, and his Complaint alleges only race discrimination.[2]

10. Accordingly, the Court will dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

---

[2] Additionally, the Court notes that Plaintiff's ADA claim was first raised in his opposition to Defendant's motion to dismiss, and was not pleaded in his original Complaint. Should Plaintiff wish to pursue a claim under the ADA, the Complaint itself must be amended to include a cause of action under that statute, accompanied by factual allegations that would plausibly give rise to relief under the ADA.

11. Absent a viable claim under this Court's federal question jurisdiction, it also appears that this court lacks subject matter jurisdiction. For diversity jurisdiction to exist under 28 U.S.C. § 1332, a plaintiff must show that the parties are citizens of different states and that the matter in dispute is at least $75,000. If this case is a disputed insurance claim for a pair of eyeglasses, it would appear that the monetary threshold of $75,000 cannot be met, and that Plaintiff's case should be dismissed without prejudice to proceeding in a court of competent jurisdiction, for example, the Superior Court of New Jersey.

12. If a complaint is vulnerable to dismissal, "a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips v. County of Allegheny, 515 F.3d 224, 236 (3d Cir. 2008). Here, because Plaintiff is pro se, and because Plaintiff may be able to submit an amended pleading that cures the deficiencies discussed herein, the Court will dismiss Plaintiff's Complaint without prejudice. Plaintiff may file a motion for leave to file an Amended Complaint within thirty (30) days, accompanied by the proposed Amended Complaint that attempts to cure the deficiencies noted herein with clear and concise factual allegations of the grounds for jurisdiction and the cause of action. As stated above, any proposed amendment alleging racial

discrimination must also show how the defendant acted under color of state law – that is, as a state actor. If Plaintiff files a motion to amend, it must contain the proposed Amended Complaint as an attachment, and it must be received by the Clerk's Office and served on opposing counsel within thirty (30) days hereof.

| | |
|---|---|
| __August 17, 2016__ | __s/ Jerome B. Simandle__ |
| Date | JEROME B. SIMANDLE |
| | Chief U.S. District Judge |